UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LORENZO WILLIAM JOHNSON JR.
and all others similarly situated under 29
U.S.C. 216(b)

      Plaintiff,

vs.

BAY BAYS CHICKEN & WAFFLES
LLC, BAY BAYS CHICKEN AND
WAFFLES NUMBER TWO LLC AND
ISRAEL G. JOHNSON

      Defendants.
_____/

# **COMPLAINT**

COMES NOW Plaintiff, LORENZO WILLIAM JOHNSON JR., by and through his undersigned attorney, and hereby sues Defendants, BAY BAYS CHICKEN & WAFFLES LLC a Florida Corporation, BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC a Florida Corporation, and ISRAEL G. JOHNSON individually, and as grounds alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant BAY BAYS CHICKEN & WAFFLES LLC is a Florida corporation which regularly conducted business within the Southern District of Florida.

6. Defendant BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC is a Florida corporation which regularly conducted business within the Southern District of Florida.

7. BAY BAYS CHICKEN & WAFFLES LLC is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, BAY BAYS CHICKEN & WAFFLES LLC operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods and materials sold and transported from across state lines of numerous other states, and BAY BAYS CHICKEN & WAFFLES LLC obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Specifically, the ingredients and/or food products handled by two or more of Defendants' employees on a regular and consistent basis, had previously travelled in interstate commerce.

8. Upon information and belief, the annual gross revenue of BAY BAYS CHICKEN & WAFFLES LLC was at all times material hereto in excess of $500,000.00 per annum. BAY BAYS CHICKEN & WAFFLES LLC had gross annual revenue in excess of $500,000, for the year of 2016.

9. By reason of the foregoing, BAY BAYS CHICKEN & WAFFLES LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of

goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs is within interstate commerce.

10. BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods and materials sold and transported from across state lines of numerous other states, and BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Specifically, the ingredients and/or food products handled by two or more of Defendants' employees on a regular and consistent basis, had previously travelled in interstate commerce.

11. Upon information and belief, the annual gross revenue of BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC was at all times material hereto in excess of $500,000.00 per annum. BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC had gross annual revenue in excess of $500,000, for the year of 2016.

12. By reason of the foregoing, BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs is within interstate commerce.

13. The individual Defendant, ISRAEL G. JOHNSON, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs and opt-in plaintiffs. Defendant ISRAEL G. JOHNSON controlled the purse strings for the corporate Defendant. Defendant ISRAEL G. JOHNSON hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

14. Defendant BAY BAYS CHICKEN & WAFFLES LLC was and continues to operate as a joint enterprise with BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC. Both enterprises are commonly owned by Defendant Israel G. Johnson. Both corporations share a common business purpose of providing food service. Both corporations share employees, including the Plaintiff and often times an employee would be paid a salary through one corporation while performing work for both entities.

15. Upon information and belief, the combined annual gross revenue of BAY BAYS CHICKEN & WAFFLES LLC and BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC was at all times material hereto in excess of $500,000.00 per annum. BAY BAYS CHICKEN & WAFFLES LLC and BAY BAYS CHICKEN & WAFFLES NUMBER TWO LLC, combined, had gross annual revenue in excess of $500,000, for the year of 2016.

16. BAY BAYS CHICKEN & WAFFLES LLC and BAY BAYS CHICKEN & WAFFLES LLC jointly employed the Plaintiff. Both entities share a common officer and owner, Israel G. Johnson. Both entities had an arrangement to share the services of Plaintiff. Both entities are not completely disassociated with respect to controlling the Plaintiff's work, and both entities share in controlling Plaintiff's work. Specifically, both entities control the schedule and the hours

that Plaintiff worked, and the pay that Plaintiff received. Accordingly, Plaintiff is under the common control of both entities.

## COUNT I: UNPAID OVERTIME WAGES

17. Plaintiff re-alleges and re-avers paragraphs 1 through 16 as fully set forth herein.

18. Plaintiff Lorenzo William Johnson Jr. was employed by the Defendants as a non-exempt cook/waiter/assistant manager.

19. Plaintiff, Lorenzo William Johnson Jr., was employed from on or about November 25, 2015 through December 1, 2016.

20. During the approximate period of January 31, 2016 through May 28, 2016 Plaintiff, Lorenzo William Johnson, Jr., worked approximately 48 hours per week, excluding engaged to be waiting hours, and was paid at 4 different hourly rates of $8.20/hr., $9.25/hr., $9.50/hr. and $10.50/hr., for said work but was not paid the time and one-half overtime rate for each hour worked. Therefore, Plaintiff claims the halftime overtime rate for each hour worked for which he paid at the straight time rate but not paid the time and one half overtime rate for each overtime hour worked.

21. Additionally, during the approximate period of January 31, 2016 through May 28, 2016, Lorenzo William Johnson Jr., was required to clock in when starting to work and clock out when the shift was over. However, when there was a lack of customers, Defendants maintained a policy of requiring Plaintiff to clock out, and not clock back in until customers arrived. During this time, Plaintiff was constricted as he was required to remain on premises and was not free to effectively pursue his own personal pursuits. Plaintiff estimates that approximately overtime hours a week he was engaged to be waiting when Defendants required him to clock out until the

customers arrived. Plaintiff therefore claims the time and one half overtime rate for each of these overtime hours for which he was not paid anything at all.

22. From May 27, 2016 through the conclusion of his employment with Defendants, Plaintiff, Lorenzo William Johnson Jr., worked an average of 68 – 71 hours a week, and was paid a salary if we worked 55 or more hours a week, which equated to an hourly rate of $7.94/hr., but was never paid the premium overtime rate when he worked over 40 hours in a week. Therefore, Plaintiff claims the halftime rate for each overtime hour worked.

23. Defendants were required to pay Plaintiff's overtimes wages. Plaintiff was rarely paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

24. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

25. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. In fact, Defendants would purposely have Plaintiff work at two different locations so that they could pay Plaintiff separately through both entities without having the paystubs reflect the overtime hours worked by Plaintiff. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change

its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages they were due.

26. The similarly situated individuals are those individuals whom were employed by the Defendants as non-exempt cooks/waiters/assistant managers like the Plaintiff, and whom were not paid overtime wages.

27. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: January 6, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiffs*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiffs*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561