UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 17-80021-CIV-MARRA/MATTHEWMAN

LORENZO WILLIAM JOHNSON, JR.,
and all others similarly situated,

    Plaintiff,

v.

BAY BAYS CHICKEN & WAFFLES, LLC;
BAY BAYS CHICKEN AND WAFFLES
NUMBER TWO, LLC; and
ISRAEL G. JOHNSON,

    Defendants.
_____/



## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

THIS CAUSE is before the Court upon Plaintiff, Lorenzo William Johnson, Jr.'s ("Plaintiff") Motion for Attorney's Fees and Costs [DE 19] filed on June 7, 2017. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 20. Defendants, Bay Bays Chicken & Waffles, LLC, Bay Bays Chicken and Waffles Number Two, LLC, and Israel G. Johnson ("Defendants"), have filed a Response [DE 21], Plaintiff filed a Reply [DE 22], and the matter is now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Attorney's Fees & Costs [DE 19].

### I.     BACKGROUND

On January 6, 2017, Plaintiff brought a lawsuit against Defendants, alleging violation of the Fair Labor Standards Act ("FLSA") for unpaid overtime wages accrued by Plaintiff (Count 1).

1

[DE 1]. On May 26, 2017, Plaintiff filed his Motion for Approval of Parties' Settlement Agreement. [DE 18]. The Parties agreed to settle Plaintiff's claim for a total of $1,600. *Id.* at Exhibit 1. The Court entered an Order granting Plaintiff's Motion for Approval on June 19, 2017. [DE 20]. The Court also explicitly reserved jurisdiction as to the issue of costs and attorney's fees. *Id.*

Plaintiff filed his Motion for Attorney's Fees & Costs, seeking $7,962.50 in attorney's fees and $625.00 in costs, for a total award of $8,587.50. [DE 19, p. 2]. Plaintiff's counsel seeks an hourly rate of $325 an hour because both attorneys have practiced labor and employment law in the Southern District of Florida since 2007. *Id.* at 5. Plaintiff claims that the hourly rate and total award requested is reasonable under both the "lodestar" method and *Johnson* 12 factor test. *Id.* at 3-8.

In Defendants' response to the motion, they concede that Plaintiff is the prevailing party in this matter and is therefore entitled to reasonable attorney's fees and costs. [DE 21, p. 3]. However, Defendants argue that Plaintiff's requested hourly rate and claimed time is excessive. *Id.* As support for this argument, Defendants explain that an hourly rate of $250 an hour would be reasonable given Plaintiff's counsel's experience. *Id.* at 3. Furthermore, Defendant explains that Plaintiff's counsel did not need to spend as much time as he claims on this case. *Id.* at 3-4. For example, Defendants argue that it should have taken Plaintiff only .2 hours to review Defendants' Answer and Affirmative Defenses, which Plaintiff claims to have spent .5 hours reviewing. *Id.*

Additionally, Defendants argue that Plaintiff is not entitled to attorney's fees for any time following Defendants' Rule 68 Offer of Judgment (served on February 28, 2017). *Id.* at 4. Defendants explain that in their Rule 68 offer, they offered Plaintiff $2,850.00 to cover overtime

2

wages; liquidated damages, attorney's fees and costs. *Id.* at 4. Because the Rule 68 offer exceeded the amount recovered in the settlement agreement, Defendants argue that they are not liable for Plaintiff's attorney's fees after Plaintiff failed to accept the Rule 68 offer. *Id.* Based on the aforementioned reasoning, Defendants suggest this Court to award $862.50 in attorney's fees and $625.00 in costs for a total of $1,487.50. *Id.* at 5.

In Plaintiff's reply [DE 22], he argues that Defendants Offer of Judgment was "in the nature of a 'settlement offer' rather than an 'offer of judgment." Plaintiff explains that because the offer required payment in 12 monthly installments, Plaintiff would not be receiving immediate "judgment" "according to the Federal Rules of Civil Procedure." [DE 22, p. 3]. Furthermore, Plaintiff argues that even when viewed in a light most favorable to Defendants, he is entitled to more than the $2,850 stipulated in the Rule 68 Offer of Judgment. Defendants agreed to a settlement award of $1,600, and concede in their response to this motion that Plaintiff is entitled to at least $1,487.50 in fees and costs, totaling $3,087.50. Therefore, Plaintiff argues that Defendants Rule 68 argument is moot.

Additionally, Plaintiff argues that $325 an hour is a reasonable rate for attorneys who have practiced labor and employment law in the Southern District of Florida for the last 10 years. *Id.* at 8. Plaintiff's counsel explains that they were awarded $325 an hour in a similar FLSA matter in this district earlier this year. *Id.* Furthermore, Plaintiff explains that in "the sister case" in the Middle District of Florida, the Court awarded $275 an hour to an attorney with 6 years of experience. *Id.* Plaintiff argues that attorneys with 10 years of experience should not receive a lower hourly rate than an attorney with less experience. *Id.*

Finally, Plaintiff points out that all of Defendants' objections to time entries are non-specific and baseless. *Id.* at 9. For example, Plaintiff contends that it took more than "a

3

mere 12 minutes" to review the Answer and Affirmative Defenses in this case. *Id.* As a result of Defendants' response to this motion, Plaintiff's counsel seeks an additional 5 hours for the work performed in drafting its reply brief. *Id.* at 10. Therefore, Plaintiff seeks an additional $1,625 for a total of $9,587.50 plus $625 in costs.

## II. DISCUSSION

### A. ENTITLEMENT TO ATTORNEY'S FEES

There is no dispute that Plaintiff is entitled to attorney's fees. It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller,* 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the case at hand, the Court granted Plaintiff's Motion for Approval of Settlement awarding Plaintiff a fair and reasonable settlement, so he is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees. *See Goss v. Killian Oaks House of Learning,* 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003). Defendants concede in their Response to Plaintiff's Motion that "Defendants do not deny the case law is in favor of the Plaintiff being the prevailing party in this matter." [DE 21, p. 3]. However, Defendants emphasize that the actual amount of the award is within the Court's discretion. *Id.*

### B. CALCULATION OF THE ATTORNEY'S FEE AWARD

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes,* 168 F. 3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson,* 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See*

4

*Barnes*, 168 F. 3d at 427 (*citing Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F. 3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F. 3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F. 2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F. 2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time

5

entries by the nature of the activity or stage of the case." *Id.* (citations omitted). 168 F. 3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F. 3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F. 3d at 428 (*quoting Norman*, 836 F. 2d at 1301 (*emphasis in original*)). The burden rests on plaintiff to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F. 3d at 782.

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F. 3d at 427 (stating that objections from fee opponents must be to be specific and "reasonably precise"); *Norman*, 836 F. 2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See, e.g., Gray v. Lockheed Aeronautical Sys. Co.*, 125 F. 3d 1387, 1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002).

1. <u>COUNSEL'S HOURLY RATE</u>

Plaintiff seeks an award of $9,587.50 for 29.5 hours reasonably expended by attorneys Daniel T. Feld and Isaac Mamane. [DE 19; DE 22] Specifically, Plaintiff requests an hourly rate of $325 an hour for both attorneys. [DE 19] In support of these requests, Plaintiff claims in his Motion for Fees and Costs [DE 19] that Mr. Feld has been practicing since 2007 and has been

listed as an attorney of record in 558 cases filed in this district. Additionally, Plaintiff claims that Mr. Mamane has also been practicing since 2007 and has been listed as an attorney of record in 180 cases filed in this district.

The Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F. 2d at 1303 (citations omitted). Plaintiff cites to two cases from the Southern District of Florida which support an hourly rate of $325 for an attorney practicing since 2007. *See De Armas v. Miabraz, LLC*, 12-20063-CIV-COHN, 2013 WL 4455699 at *3-4 (S.D. Fla. Aug. 16, 2013) (finding hourly rates of $300-350 an hour reasonable for attorney's practicing labor and employment law for the last 7-9 years); *see also Bacallao v. Zidell*, 16-20709-CIV-OTAZO-REYES, 2016 WL 6988883 (S.D. Fla. Nov. 3, 2016) (awarding an attorney practicing since 2009 $350 an hour in an FLSA overtime matter). Additionally, Plaintiff cites a case in the Southern District of Florida where his $325 hourly fee has been upheld, *Wright v. B & B Contracting, Inc. et al.*, No. 16-62020-CIV-DIMITROULEAS/SNOW (S.D. Fla. Apr. 21, 2017).

Based on the qualifications of counsel and the Court's own knowledge and experience, and noting that Defendants have not supported their objection to the hourly rate with cases from this district, the Court concludes that $325 per hour is a reasonable hourly rate for Plaintiff's counsel. Therefore, this Court **RECOMMENDS** that the District Court find Mr. Feld and Mr. Mamane's hourly rates of $325 to be reasonable.

## 2. DEFENDANT'S RULE 68 OFFER OF JUDGMENT

If a party receives a judgment that is less favorable than an unaccepted offer, the offeree must pay the costs incurred after the offer was made. Fed. Civ. R. Pro. 68(d). Defendants argue that Plaintiff is not entitled to any fees accumulated after the Defendant's Rule 68 Offer of Judgment, served February 28, 2017 [DE 21-1, p. 1]. Defendants allege the Rule 68 offer of $2,850, to be paid in twelve monthly installments, exceeds the amount recovered in the settlement agreement. [DE 21, p. 4]. This amount of $2,850 was to account for any and all liability claimed in the action, inclusive of all costs of suit and attorney's fees. [DE 21-1, p. 1]. Plaintiff rejected this offer by failing to accept the offer within the 14-day period as required by the Rule 68 of the Federal Rules of Civil Procedure.

Defendants argue under *Marek v. Chesney,* 473 U.S. 1, 2 (1985) that a Rule 68 Offer of Judgment precludes liability for attorney's fees and costs if a party rejects the offer. However, *Marek* upheld the application of Rule 68 to the fee-shifting provision of 42 U.S.C. § 1983, because the underlying statute defined "costs" to include attorney's fees. *Haworth v. State of Nevada,* 56 F.3d 1048, 1051 (9th Cir. 1995). The FLSA statute differs from the 1983 statute with regard to its fee-shifting provision because the FLSA statute defines attorney's fees separately from costs. *Id. (citing* 29 U.S.C. § 216(b)). Thus, attorney's fees in FLSA cases do not automatically shift under Rule 68. *Id. (accord Fegley v. Higgins,* 19 F.3d 1126, 1135 (6th Cir. 1994) *cert. denied,* 513 U.S. 875, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (dicta). The appropriate approach established by *Haworth* is to consider a Rule 68 offer in determining the reasonableness of an attorney's fee, depending, "at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer. *Haworth,* 56 F.3d at 1052.

In the instant case, Plaintiff ultimately agreed to a settlement award of $1,600, not including fees and costs, which is less than the Rule 68 offer of $2,850, which included fees and costs. However, Defendants concede in their response that Plaintiff is entitled to a minimum of $1,487.50 in fees and costs: fees in the amount of $862.5 (3.45 hours of legal work performed *before* the Rule 68 Offer X $250 per hour), and costs of $625. [DE 21, p. 5]. The amount of Plaintiff's settlement award in addition to Defendant's proposed fees and costs total $3,087.50. Thus, even when viewed in the light most favorable to Defendants, Plaintiff is entitled to more than the $2,850 stipulated in the Rule 68 Offer of Judgment. It is not necessary to factor Plaintiff's failure to accept the Rule 68 offer into the lodestar amount, because the least possible total recovery for Plaintiff, $3,087.50, is greater than Defendants' earlier Rule 68 offer of $2,850.

### 3. NUMBER OF HOURS REASONABLY EXPENDED

According to the Plaintiff's motion for attorney's fees and subsequent reply, Mr. Feld and Mr. Mamane billed a total of 24.5 hours on this case. [DE 19-3]. Plaintiffs additionally argue that they billed an additional 5 hours for the work performed in drafting its reply brief [DE 22, at p. 10]. The total number of hours asserted to have been spent on this case by Plaintiff's counsel, therefore, is 29.5 hours. Defendants contend the amount of hours presented by Plaintiff's counsel is unreasonable in light of the demands of the case, and argue for Plaintiff's billed hours to be decreased by 4.28 hours because the hours "seem excessive for the work performed." [DE 21].

If a court finds particular hours claimed by an attorney to be "excessive, redundant or otherwise unnecessary," the court may reduce the number of hours in calculating the fee award. *Norman*, 836 F. 2d at 1301 (quoting *Hensley*, 461 U.S. at 434). In demonstrating the hours are reasonable, counsel should have "maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient

particularity so the district court can assess the time claimed for each activity." *Norman,* 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. V. Barnes,* 168 F.3d 423, 428 (11th Cir. 1997). A fee opponent's failure to explain with specificity the particular hours viewed as excessive is generally fatal. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

The Court has reviewed Plaintiff's counsel's billing records [DE 19-3] and finds that some of the legal work carried out by Plaintiff's law firm was excessive or unnecessary. For example, it took 0.6 hours to draft interrogatories, 0.6 hours to draft requests for production, and 0.4 hours to draft requests for admissions, for a total of 1.6 hours to draft standard requests in a single FLSA case. Additionally, Counsel Mamane billed 1.1 hours for reviewing responses to interrogatories, and requests for production on April 26, 2017, and then billed 1.1 hours for reviewing documents produced by Defendant in response to discovery requests on the same date. It appears that Plaintiff billed a total of 3.3 hours for reviewing documents and files. Taking into account the fact that this is a standard FLSA case with relatively few docket entries, it seems clear that the billing by Plaintiff's counsel was somewhat excessive. Further, there were two attorneys on the case for Plaintiff and some of their time seems duplicative. For example, Mr. Mamane billed 0.8 hours for drafting Plaintiff's settlement confidential memo, and Mr. Feld billed 1.1 hours for reviewing the file in preparation for attending the settlement conference.

Plaintiff's counsel also seeks an additional 5 hours for work performed in drafting the reply brief [DE 22, p. 10]. The Eleventh Circuit has held that "fees on fees" are compensable; however, the Court finds that 5 hours seems excessive for a 10-page reply. *See Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010), *see also Williams v. R.W. Cannon, Inc.,* 657 F. Supp 1302, 1318 (S.D. Fla. 2009)(awarding fees to party for filing post trial motion on fees). Rather than

make line-by-line reductions in hours for a case where excessive time was billed, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." *Bivins,* 548 F.3d at 1350.

Because the Court has determined that some of the hours billed by counsel (29.5 hours) were somewhat excessive, a reduction is necessary. Accordingly, the undersigned **RECOMMENDS** an across-the-board- reduction of Mr. Feld and Mr. Mamane's hours by 30%. In making this 30% reduction, the Court has considered all relevant factors, including, but not limited to, the difficulty of the litigation and the degree of success obtained.

After the thirty percent reduction is applied, Plaintiff is entitled to 20.65 hours' worth of attorney's fees. The Court finds that a total of 20.65 hours spent working on this case is reasonable and **RECOMMENDS** that the District Court compensate Plaintiff for 20.65 of the total hours claimed in the motion.

### C. LITIGATION EXPENSES AND COSTS

Plaintiff seeks an award of $625 in costs.  [DE 19, p. 2].

Under the FLSA, the Court is directed to award the prevailing party the costs of the action. 29 U.S.C. § 216(b).  Additionally, Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  A "prevailing party" is the party in whose favor judgment is rendered by the Court.  *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F. 3d 1238, 1248 (11th Cir. 2002).  "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  This statute provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks to recover $625 in costs, which, according to Plaintiff's motion, includes the $400.00 filing fee for the District Court, and $225.00 for service of process on each Defendant. [DE 19, p. 2]. Clearly, Plaintiff is entitled to his $400.00 filing fee pursuant to 28 U.S.C. § 1920.

Even though 28 U.S.C. § 1920 does not expressly say so, private process server fees may be taxed under 28 U.S.C. §§ 1920 and 1921 so long as the taxable costs of the process server are limited to the statutory fees that §1921(b) authorizes. *See U.S. E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that "[t]he Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921]a. Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service shall routinely collect fees of $65 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses. *See Suchite v. Kleppin*, No. 10-21166-CIV, 2012 WL 1933555, at *3 (S.D. Fla. Mar. 23, 2012). Plaintiff has requested an award of $75 per service. [DE 19-2]. Based on the foregoing, the Court recommends that Plaintiff be awarded

service fees of $65 per hour for process served, rather than the requested $75 per hour listed in the attached invoices. *Id.*

Thus, the Court will **RECOMMEND** that total costs in the amount of $595.00 be awarded.

### D. CALCULATION OF TOTAL AWARD

1. Total Attorney's Fees (20.65 hours at $325.00 per hour): $6,711.25.

2. Total Litigation Expenses and Costs: $595.00.

### III. CONCLUSION

In light of the foregoing,

1. This Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Attorney's Fees & Costs [DE 19].

2. The Court **RECOMMENDS** that the District Court award Plaintiff, Lorenzo William Johnson, Jr., his attorney's fees in the amount of $6,711.25.

3. The Court **RECOMMENDS** that the District Court award Plaintiff, Lorenzo William Johnson, Jr., his costs in the amount of $595.

4. The Court **RECOMMENDS** that the District Court deny Plaintiff's motion in all other respects.

### IV. NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of November, 2017.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE